| iCALOGERO, Chief Justice,
dissenting from the denial of the writ application.
I would grant this writ, docket for oral argument, and decide this matter with an authored opinion. It seems to me fairly clear that the Baton Rouge District Attorney is going outside of his jurisdiction to prosecute violations of the election code that may have taken place in Orleans Parish and which under the election code is prosecutable only in the parish of the ostensible offender. C.CrJP. art. 434(B) is hardly support for the proposition that the district attorney may investigate criminal conduct occurring in another parish simply because that statute says that whenever a grand jury of one parish discovers that a crime has been committed in another parish authorities may then notify the district attorney of the parish in which the offense occurred. Surely that statute is addressing inadvertent discovery and, not as in this case, a searching for evidence of crimes occurring in another parish by the subpoena of documents from that other parish.
Furthermore, Grand Jury investigatory powers are not unlimited. United States v. R. Enterprises, Inc., 498 U.S. 292, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991) (citing Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)). In R. Enterprises, Inc., the United States Supreme Court stated hthat “Grand juries are not licensed to engage in arbitrary fishing expeditions, nor may they select targets of investigation out of malice or an intent to harass.” Id. at 299, 111 S.Ct. at 727.
Moreover, I believe that inadequate attention has been given to the allegation by L.I.F.E. that the subpoenas issued in this case would require production of information ranging far beyond the summaries previously provided by L.I.F.E. to the Board of Ethics in the latter’s investigation. As a result, I think that the issuance of these subpoenas has substantial First Amendment implications, and therefore, at the hearing on the motion to quash, the State should have been required to demonstrate a compelling governmental interest for the disclosure of the information by the most carefully delineated and least intrusive means. In support of this *235 proposition, the plaintiff, in his application, cited the following eases: NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); FEC v. Machinists, 655 F.2d 380 (D.C.Cir.1981); and Brown v. Socialist Workers ’74 Campaign Committee, 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982).
These issues should be resolved after more studied consideration.